In the Matter of the Arbitration between SHIRLEY SILK Co., INC., Appellant, and AMERICAN SILK MILLS, Inc., Respondent.

First Department, June 29, 1939.

*Otto A. Samuels*, for the appellant.

*Henry I. Fillman*, for the respondent.

COHN, J. A motion was made by respondent at the Special Term for the appointment of a referee pursuant to section 307 of the Civil Practice Act and rule 120 of the Rules of Civil Practice to take the depositions of two or three arbitrators who had made an award in favor of appellant and to take the deposition of one Hilda A. Wiedenfeld, the director of the Arbitration Bureau of the National Federation of Textiles, Inc., under whose auspices the arbitration was conducted, to be used upon a motion made by appellant to confirm the award and on a cross motion by respondent to vacate it.

In support of this motion affidavits were submitted showing that demands, which were not complied with, had been made upon the two arbitrators and Hilda A. Wiedenfeld to furnish their several affidavits setting forth the facts and method by which the majority of the arbitrators arrived at their award.

Upon the cross-motion made by respondent to vacate the award, it is claimed that there was evident bias and partiality on the part of Jacob Granowitz, one of the arbitrators who signed the award. It is alleged that on August 26, 1937, one Burger, appellant's president, acted as an arbitrator in a controversy between Knickerbocker Textile Corporation, of which Jacob Granowitz is an officer, and Ivy Dress Co., Inc., and signed a majority award (the third arbitrator dissenting) in favor of Knickerbocker Textile Corporation for $31,582.01. It is further claimed that on October 14, 1938, and when the arbitration proceeding between the parties herein was pending, an arbitration proceeding between Knickerbocker Textile Corporation and Sheila-Lynn, Inc., was instituted and that one Arnoff, appellant's vice-president, was one of the arbitrators who signed an award in favor of Knickerbocker Textile Corporation for $9,891.70.

Apparently the respondent's motion for the appointment of a referee and appellant's motion to confirm the award were considered together and resulted in the making of the order from which this appeal is taken. The order directs that the two arbitrators, who made the award in favor of appellant, and Hilda Wiedenfeld appear before a designated referee and make depositions upon nine enumerated items. Generally, the items of the proposed examination include the method by which the award was arrived at, the alleged disregard by the arbitrators of the terms of the original contract between the parties and the partiality and misbehavior of the two arbitrators. The order further provides that all proceedings to confirm or to vacate the award are to be stayed until ten days after the delivery to attorney for respondent of the several depositions duly subscribed.

With respect to the formal demand made upon the two arbi-

trators and Hilda A. Wiedenfeld to furnish affidavits, we believe that they were justified in refusing to make a disclosure of facts with relation to the deliberations had in connection with the making of the award. (*Dalrymple* v. *Williams*, 63 N. Y. 361; *Miller* v. *Gerard*, 200 App. Div. 870; *Agan* v. *Hey*, 30 Hun, 591; *Packet Company* v. *Sickles*, 5 Wall. 580, 593.) There is no authority which sanctions an inquisition of arbitrators for the purpose of determining the processes by which they arrived at an award. An arbitrator who is a quasi-judicial officer should not be called upon to give reasons for his decision.

An arbitration award which a party may regard as unfavorable or of which he disapproves, may not be impeached because of mistake or error of the arbitrators as to the law or facts in the absence of fraud, corruption or other misconduct. (*Matter of Wilkins*, 169 N. Y. 494, 496 *et seq.*; *Matter of Pine St. Realty Co., Inc.*, v. *Coutroulos*, 233 App. Div. 404; *Matter of Wheat Export Co., Inc.*, 185 id. 723; affd., 227 N. Y. 595.) Were the rule otherwise the judgment of the court would be substituted in place of the award of arbitrators chosen by the parties and it would make an award the commencement, not the end, of litigation. (*Burchell* v. *Marsh*, 58 U. S. [17 How.] 344, 349.) In *Matter of Wilkins* (*supra*, at p. 496) the Court of Appeals said: " Where the merits of a controversy are referred to an arbitrator selected by the parties, his determination, either as to the law or the facts, is final and conclusive, and a court will not open an award unless perverse misconstruction or positive misconduct upon the part of the arbitrator is plainly established, or there is some provision in the agreement of submission authorizing it. The award of an arbitrator cannot be set aside for mere errors of judgment, either as to the law or as to the facts. If he keeps within his jurisdiction and is not guilty of fraud, corruption or other misconduct affecting his award, it is unassailable, operates as a final and conclusive judgment, and however disappointing it may be the parties must abide by it."

However, the facts purporting to show alleged partiality on the part of the arbitrator Jacob Granowitz which were called to the court's attention on the cross-motion to vacate the award warranted a reference to hear and report as to the alleged partiality of that arbitrator. Sufficient has been shown to justify an inquiry upon the question of the relationship existing between the arbitrator Granowitz and appellant and as to the knowledge of respondent with respect to such relationship. In a similar situation this court has recently directed a reference upon such questions. (*Matter of Wersba* v. *Cobb*, 254 App. Div. 481.) In *Matter of Friedman* (215

App. Div. 130) Mr. Justice MERRELL, in writing for the court, said (at p. 136): " Nothing should be permitted to throw suspicion even upon the entire impartiality of arbitrators. The finality of an award of arbitrators as compared with the reviewable decision of a judge or a referee makes this all the more important, and that the tribunal which is to pass upon the rights of the parties be not subject to the slightest suspicion as to its fairness."

We think this matter can be best determined by a hearing before an official referee who will take proof and report thereon to the Special Term. Final disposition of the motion to confirm or to vacate the award may be held in abeyance until the coming in of that report.

The order should accordingly be modified by granting the motion to the extent of designating an official referee who is to take proof and report to the Special Term upon the question of the relationship existing between the arbitrator Granowitz and appellant and as to the knowledge of respondent with respect to such relationship and as so modified, the order should be affirmed, with twenty dollars costs and disbursements to appellant.

MARTIN, P. J., TOWNLEY, UNTERMYER and CALLAHAN, JJ., concur.

Order unanimously modified by granting the motion to the extent of designating an official referee to take proof and report to the Special Term upon the question of the relationship existing between the arbitrator Granowitz and appellant and as to the knowledge of respondent with respect to such relationship and as so modified, affirmed, with twenty dollars costs and disbursements to the appellant. Settle order on notice.