In the Matter of the Arbitration between SLOIMA SNAIDER, Petitioner-Appellant and Respondent, and MANO HOFFNER FUR CORPORATION, Respondent-Appellant.

First Department, May 18, 1945.

*Morton G. Rosenberg* of counsel (*Sidney S. Bobbé* with him on the brief; *Karelsen, Karelsen & Rubin,* attorneys), for petitioner-appellant and respondent.

*Thomas I. Sheridan* of counsel (*Samuel I. Hartman, Leon M. Labes* and *Irving H. Rosenberg* with him on the brief; *Hartman, Sheridan & Tekulsky,* attorneys), for respondent-appellant.

CALLAHAN, J. These appeals arise out of arbitration proceedings wherein an award was originally made to petitioner.

On a prior appeal from an order confirming that award and directing judgment to be entered thereon, respondent claimed misconduct by the arbitrator. This court reversed the award and directed a reference to an official referee of the following questions: (1) as to the knowledge of the respondent that the arbitrator was representing petitioner in a similar claim; and (2) whether the accountant's report was properly considered. (See *Matter of Snaider* [*Mano Hoffner Fur Corp.*], 266 App. Div. 770.)

The Official Referee found that the respondent had knowledge at all times that the arbitrator, who had been the lawyer for each of the parties at times, had been representing petitioner as attorney in a similar claim. Special Term confirmed this finding of the Referee, and we agree that there is ample evidence to support such finding.

On the second question referred, as to whether the arbitrator properly considered the report of an accountant selected by him, the Referee stated that from the proof before him and because of the absence of the arbitrator, who was in the armed service, it was impossible to determine what consideration, if any, had been given to the accountant's report by the arbitrator. Special Term, nevertheless, found that the accountant's report had been improperly considered, and that, as a result of the procedure adopted, the arbitrator had been furnished evidentiary matter by the accountant, which the parties did not have an opportunity to meet. Accordingly, Special Term vacated the award.

Our purpose in referring the matter of the use of the accountant's report to a referee was to ascertain whether, as contended by respondent, the report had been used to supply evidence resulting from independent investigations by the accountant, and not presented or considered by the parties, or whether, as contended by petitioner, the report had been prepared for and used by the arbitrator merely to furnish him with clerical assistance in making computations with respect to figures already in evidence.

Examination of the testimony taken before the Referee reveals that the accountant testified as a witness and fully disclosed the circumstances under which his report had been prepared. The Official Referee summed up the accountant's testimony as showing that the report was transcribed from figures supplied to the accountant by the arbitrator; that the accountant did not audit the books which had been placed in evidence, but simply made a tabulation by addition and subtraction at the

arbitrator's request from figures supplied by the arbitrator, who had requested the accountant to " rehash " these figures so the arbitrator could understand them. In addition, he traced one or more transactions through the books already in evidence, at the arbitrator's request.

We find that this is an accurate summary of the accountant's testimony, and there appears to be no sufficient reason for discrediting it. Under the circumstances, we find that the respondent has failed to meet the burden cast upon it of showing that improper use had been made of the accountant's report.

There was no substantial independent investigation or advice involved in having the accountant restate the figures already before the arbitrator. An award will not be vitiated under such circumstances, because the aid rendered concerns matters of trifling importance or of such a nature as to preclude reasonable contest. (*Berizzi Co.* v. *Krausz,* 239 N. Y. 315; *Matter of Gerli & Co.* v. *Heineman Corp.,* 258 N. Y. 484; *Matter of Tutein, Inc.,* v. *Hudson Valley C. & P. Corp.,* 230 App. Div. 419, affd. 256 N. Y. 530.)

Special Term deemed that, because the arbitrator's decision did not reflect the contents of the report, this was a ground for finding improper use. On the contrary, we consider this indicated that the arbitrator was not using the report as evidence.

We are not concerned with whether the arbitrator gave due weight to the accountant's computations so long as they were not used to supply evidentiary matter. In the absence of misconduct " there is no authority which sanctions an inquisition of arbitrators for the purpose of determining the processes by which they arrived at an award." (*Matter of Shirley Silk Co.* v. *American Silk Mills,* 257 App. Div. 375, 377.)

We find no support for Special Term's conclusion that there is apparently no basis for the award warranted upon the proof. Firstly, this was not one of the issues referred to the Referee by this court. Furthermore, we do not deem it to be within the province of a court to review an arbitrator's report to ascertain whether the amount thereof finds exact mathematical support in the proof, as it might be in the case of a jury's verdict where damages were determinable precisely.

Upon this record we find that the motion to confirm the award should have been granted.

The order should be reversed, the motion to confirm the award granted and the cross motion to vacate the award denied, with costs and disbursements to the plaintiff.

TOWNLEY and COHN, JJ., concur; MARTIN, P. J., and DORE, J., dissent and vote to affirm.

Order reversed, the motion to confirm the award granted and the cross motion to vacate the award denied, with costs and disbursements to the plaintiff. Settle order on notice.