Per Curiam.

The contract between the parties for the purchase and sale of 120,000 yards of pajama print cloth contained a broad *635 and comprehensive arbitration clause requiring that “ any controversy ” arising under or in relation to the contract “ shall be settled by arbitration.” The parties submitted their controversy relating to the buyer’s claimed right “ To reject without damages ’ ’ because of allegedly defective cloth delivered by the seller, and the seller’s claimed right to recover the balance of the purchase price.
The record shows that the major portion of the cloth sold by appellant, Pacific Mills, to the buyer, Campe Corporation, was delivered by seller to buyer, between May 31 and July 13, 1948. In its answer the buyer says it notified the seller of the alleged defect on July 30, 1948. Accordingly, under express terms of the contract of purchase and sale specifically providing a limited time for any rejection without damages, the arbitrators, even if they found the goods defective, could determine that the buyer had lost the right to “ reject without damages ” by expiration of the time limited for the exercise of such right after knowledge of the claimed defect.
In Matter of Wilkins (169 N. Y. 494, 496-497), the Court of Appeals said: ‘ ‘ Where the merits of a controversy are referred to an arbitrator selected by the parties, his determination, either as to the law or the facts, is final and conclusive, and a court will not open an award unless perverse misconstruction or positive misconduct upon the part of the arbitrator is plainly established, or there is some provision in the agreement of submission authorizing it. The award of an arbitrator cannot be set aside for mere errors of judgment, either as to the law or as to the facts. If he keeps within his jurisdiction and is not guilty of fraud, corruption or other misconduct affecting his award, it is unassailable, operates as a final and conclusive judgment, and however disappointing it may be the parties must abide by it.” Otherwise the court would substitute its own judgment in place of the judgment of arbitrators freely chosen by the parties to settle the controversy and the award would thus become the commencement instead of the end of litigation (Matter of Shirley Silk Co. v. American Silk Mills, 257 App. Div. 375, 377 [1st Dept.]). In this record no “ perverse misconstruction or positive misconduct ” is established plainly or otherwise; nor was there in the submission any express provision of reservation or restriction. No claim of fraud or corruption is made; nor does it appear that in mating the award the arbitrators exceeded their powers by going outside of or acting contrary to the contract or the submission. Accordingly, the award is conclusive and may not be reviewed or set aside for alleged errors of law and fact.
*636 The cases relied on by the learned Special Term and by the buyer on appeal are clearly distinguishable in their facts from the facts presented in this record and are not controlling in any way on the determination of this appeal.
The order appealed from should be reversed, the buyer’s motion to vacate the award made should be denied and the seller’s motion to confirm the award granted, with costs and disbursements to seller appellant.
Peck, P. J., Dore, Cohn, Callahan and Shientag, JJ., concur.
Order unanimously reversed, the buyer’s motion to vacate the award denied and the seller’s motion to confirm the award granted, with costs and disbursements to the seller appellant. Settle order on notice.