In the Matter of the Arbitration between F. T. HOLLIDAY, Respondent, and L. R. SAMUELS, Appellant.

Order affirmed, with $20 costs and disbursements to the respondent.

SHIENTAG, J. (dissenting). Appellant contracted to charter a yacht from respondent for $20,000 and made a $5,000 down payment. Appellant failed to take the yacht and, pursuant to the provisions of the charter, appellant and respondent proceeded to arbitration. Each of the parties appointed an arbitrator and the two arbitrators so chosen selected a third, Ryder. At the proceedings, the three arbitrators heard witnesses, and examined exhibits and briefs. The arbitrators were, however, unable to agree on a decision. At Ryder's suggestion, the arbitrators appointed by appellant and respondent, at the close of the hearings, submitted reports with their recommendations. The arbitrator appointed by respondent recommended that respondent be awarded $15,000; the arbitrator appointed by appellant recommended that respondent recover $5,000. Ryder agreed that respondent should recover but named no figure as damages. Thereafter, Ryder spoke with an attorney about the matter.

On November 8th, Ryder submitted a report which awarded respondent damages of $20,000, $5,000 more than had been recommended by the arbitrator appointed by respondent. On November 10, 1950, the latter arbitrator joined in Ryder's report. The arbitrator appointed by appellant telephoned Ryder and a conference was held on November 13th, by Ryder, the appellant's arbitrator and the attorney with whom Ryder had spoken, but no agreement was reached. An award embodying the conclusions of Ryder's report was signed by Ryder and respondent's arbitrator on November 20th. Appellant's arbitrator refused to sign the award.

All the above facts are undisputed. The only question in doubt is whether Ryder reached his decision as to the amount of the award prior or subsequent to his talks with the attorney. It is undisputed, however, that he did not communicate that decision to his fellow arbitrators until after his talks with the attorney.

An arbitrator exceeds his powers and is guilty of misconduct within the meaning of subdivision 3 of section 1462 of the Civil Practice Act, where he consults an outside attorney, even though the latter may be disinterested with respect to the rules of law applicable to the submitted controversy.

This case is distinctly different from one where an arbitrator seeks clerical or mechanical assistance from an outside party, for example, an accountant. It is of course proper for him to do so in order that he may study the evidence submitted by the parties in a more readily usable form. Where an accountant's report was transcribed from figures supplied to the accountant by the arbitrator and where the accountant did not audit the books, but simply made a tabulation by addition and subtraction from those figures, there has been no "substantial independent investigation or advice" and it cannot be said that the

arbitrator has abdicated his decision-making power to a third party. (*Matter of Snaider [Mano´Hoffner Fur Corp.]*, 269 App. Div. 271, 274, affd. 295 N. Y. 846.) The situation in this case is far different. Any advice given to Ryder by the attorney necessarily involved the exercise of judgment, not on a "matter of trifling importance," but on the central and crucial issue of the case — the proper measure of damages to be applied.

The distinguishing characteristic of an arbitration proceeding is its freedom from the rigidity of the rules of law. "That the arbitrators are not hampered in the discharge of their duty by rules of evidence, or the body of case and statutory law governing the prosecution of actions, is too well settled to require citation of authority." (*Matter of Springs Cotton Mills [Buster Boy Suit Co.]*, 275 App. Div. 196, 200, affd. 300 N. Y. 586.) This freedom has been expressly extended to the question of the proper measure of damages. (*Matter of Marchant [Mead-Morrison Mfg. Co.]*, 226 App. Div. 397, 403, mod. 252 N. Y. 284.) The most cursory examination of Ryder's report demonstrates that he felt himself bound by the applicable rules of law. He stated that there was one issue: "Was there a breach of the charter, * * * and if so, was it a justifiable breach." He recognized that his decision was "harsh" in charging appellant with the full measure of damages but did so "reluctantly" because he did not believe it his function "to find grounds of compromise." We cite these facts, not as an attempt to question the merits of the arbitrators' award, but to demonstrate that Ryder considered the legal rule as binding upon him and from which there could be no deviation. It seems clear, therefore, that if Ryder had reached his decision after his ex parte consultation with the attorney, the award could not be confirmed. (*Matter of 290 Park Ave. [Fergus Motors]*, 275 App. Div. 565.)

Ryder, however, urges that he had decided to award as damages the full amount of the contract price for the charter of the yacht before he consulted the outside lawyer. A reading of the language of the award casts much doubt upon this assertion. In any event, the determination of this question would seem to confront the Referee with an impossible task. There can be no objective proof of whether Ryder reached his conclusion before or after consulting the attorney. Appellant cannot controvert any statement that Ryder may make. Ryder can say no more than has already been set out in his affidavit, *i.e.*, "I did not mention this matter to [the attorney] until after I had decided [respondent] should recover the balance of the charter money."

To permit Ryder's affidavit to validate his award would work the destruction of the salutary rule prohibiting arbitrators from delegating to third parties all or part of the duty with which they are entrusted. It would permit an arbitrator to make unauthorized ex parte investigations of material issues, without notice to the parties, provided that he later asserts that he reached his decision prior to that investigation — a statement that the parties are powerless to rebut. It would make the validity of an award dependent upon a subjective mental process. It would create a situation which, consciously or otherwise, would tend to blur the independent operation of the mind of an arbitrator, however well-intentioned he might be.

The arbitration policy of this State "does not call for a relaxation of restraints upon the conduct of the arbitrators in so far as those restraints have relation to the fundamentals of a trial and the primary conditions of notice and a hearing. Indeed, they are more important now than ever if arbitration is to attain the full measure of its possibilities as an instrument of justice." (*Berizzi Co.* v. *Krausz*, 239 N. Y. 315, 319.)

The order for a reference should therefore be reversed and the motion to confirm the arbitration award should be denied.

Peck, P. J., Glennon, Van Voorhis and Heffernan, JJ., concur in decision; Shientag, J., dissents and votes to reverse, in opinion.

Order affirmed, with $20 costs and disbursements to the respondent. No opinion. [See *post*, p. 764.]