In the Matter of the Arbitration between MARTIN WEINER Co., Respondent, and FRED FREUND Co., Appellant. NATIONAL FEDERATION OF TEXTILES, INC., Respondent.

First Department, October 9, 1956.

*David Sklaire* of counsel (*Kalnick, Ostrow, Goldman & Sklaire,* attorneys), for appellant.

*Irving Brown* of counsel (*Arthur H. Stoll* with him on the brief; *Frederick E. M. Ballon,* attorney), for Martin Weiner Co., respondent.

FRANK, J.   This is an appeal from an order granting petitioner's motion (1) confirming the report of the Official Referee, (2) vacating an award, (3) directing arbitration *de novo,* and (4) denying a cross motion to confirm the arbitration award.

Petitioner manufactures and distributes textile fabrics. Respondent Freund manufactures wearing apparel produced, in this instance, from fabrics purchased from petitioner.

A dispute arose between the parties concerning petitioner's sale to respondent's competitors of certain patterns or designs imprinted on fabrics. Respondent contended that as part of the contracts between them, petitioner had agreed that the designs were to be exclusive. Respondent thereafter refused to pay for the goods and asserted a counterclaim for damages.

Pursuant to the contracts each party designated an arbitrator, and respondent, The National Federation of Textiles, Inc., was called upon to designate a third, who was referred to as the impartial arbitrator.

The arbitrators met, took the proof offered and then conferred for the purpose of determining the issues and making an award.

Petitioner's arbitrator refused to join in the award. The award was dictated to a stenographer in the office of The National Federation of Textiles, Inc., by the respondent's arbitrator in the presence and hearing of the impartial arbitrator, who, after reading the document, signed it. Subsequently, following a number of telephone calls from the attorneys for the respective parties, the impartial arbitrator advised them that the award did not fulfill his true intention.

Petitioner then moved for a modification of the award or for the appointment of a referee to take the impartial arbitrator's testimony, and respondent cross-moved to confirm the award and enter judgment. An order was entered appointing an Official Referee to hear and report as to whether the arbitrators understood the meaning and effect of the award at the time it was executed. The only testimony taken by the Official Referee was that given by the impartial arbitrator, a man with mature experience in the industry. In substance, he testified that although he read and signed the award, it was not what he had in mind. He asserted that he did not grasp the full import of the award until after his telephone conversations with the attorneys for the respective parties.

In essence, the award gave respondent credit for unused materials returned and allowed the counterclaim in an amount in excess of the purchase price of the goods.

Motions to vacate an award pursuant to section 1462 of the Civil Practice Act, or to modify or correct awards pursuant to section 1462-a of the Civil Practice Act, must be granted only for the specific reasons set forth in the enumerated sections (*Matter of Wilkins,* 169 N. Y. 494). The nub of this case is the claim that the impartial arbitrator did not intend the consequences of the award to which he agreed. The Civil Practice Act does not permit either vacating or correcting an award upon that ground.

More than a century ago it was held that parol evidence, even of an arbitrator, to contradict or impeach an award, was inadmissible (*Doke v. James,* 4 N. Y. 568, 575).

An arbitrator should not be called upon to give a reason for his decision. Inquisition of an arbitrator for the purpose of determining the processes by which he arrives at an award, finds no sanction in law (*Bernhardt v. Polygraphic Co.,* 350 U. S. 198, 203; *Matter of Shirley Silk Co. v. American Silk Mills,* 257 App. Div. 375, 377).

These parties by agreement selected arbitration as the method by which any dispute between them would be determined. The award in the forum of their choice is final and conclusive and

a court may not disturb it except on the grounds of one of the statutory provisions. Absent such exception, the award may not be disturbed for error either of fact or law not evident upon the face of the award (see *Matter of Wilkins,* 169 N. Y. 494, *supra; Matter of Campe Corp. [Pacific Mills],* 275 App. Div. 634; *Matter of Pine St. Realty Co.* v. *Coutroulos,* 233 App. Div. 404; *Matter of Wheat Export Co.,* 185 App. Div. 723, affd. 227 N. Y. 595; *Matter of Shirley Silk Co.* v. *American Silk Mills, supra*). Judicial review of an award is more limited than judicial review of a trial (*Bernhardt* v. *Polygraphic Co., supra; Wilko* v. *Swan,* 346 U. S. 427, 435–438).

If an arbitrator may not be questioned as to the reasons underlying an award in order to impeach it, then by the same token he cannot be heard to impeach it upon the ground that it does not reflect his intention. To hold otherwise could easily destroy the finality attendant upon an arbitration award and subject it to the arbitrator's whim, caprice or change of heart. The award would then become the commencement, not the end of litigation (*Burchell* v. *Marsh,* 17 How. [58 U. S.] 344, 349).

The order should be reversed, the motion denied, and the cross motion to confirm the award granted.

PECK, P. J., BREITEL, BOTEIN and VALENTE, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion of petitioner to confirm the report of the Official Referee and to vacate the award of the arbitrators denied, and the cross motion of respondent-appellant to confirm said award is granted, and judgment is directed to be entered in favor of said respondent-appellant against the petitioner in conformity with the award of the arbitrators herein dated August 4, 1955.