Irving H. Saypol, J.
The petitioners are the purchasers in a contract to buy the business of a group of telephone answering exchanges. They move to confirm an arbitrators’ cash award of $69,214.16. The respondent, the seller, cross-moves to vacate the award, or in the alternative, to modify and amend it, or to remit the arbitration, or to refer the issues to a referee. Five grounds are urged in opposition to confirmation:
1. The arbitrators in rendering a cash award, exceeded their powers under the submission.
2. The arbitrators’ award is void because it failed to pass on all matters submitted for determination.
3. The arbitrators were guilty of misconduct in utilizing accountants’ reports with respect to the voluminous mass of items upon which claim was made "without thereafter holding a hearing to pass on the merits of each item.
4. The provisions for making claims pursuant to the arbitration clauses contained in the contract constitute limitations on the right to institute arbitration which precluded consideration of petitioners’ claims.
5. The arbitrators’ actions in conducting the proceeding in a manner contrary to the Commercial Arbitration Buies of the American Arbitration Association require that the award be vacated.
It is quite clear that both sides in propping their positions overlook or choose to gloss over the controlling factors of their contract and submission. The contract involves the purchase and sale of the capital stock of 11 telephone answering corporations. The price to be computed subject to modifications and adjustments is 16% times the monthly billing rate to customers or subscribers as of September 15, 1955. The details of adjustments and modifications and procedure therefor are precisely expressed in the contract. The purchase price is payable in installments, 22% by certified check on closing on October 31, *260 1955, 10% by promissory note due August 25, 1956 (amounting to $88,000 already paid), and the balance by a series of other promissory notes running to April 15, 1959. The contract, in paragraphs Eighth and Twenty-Fifth, provides that liability for any unsatisfied claim of purchasers shall be determined by arbitration according to the Rules of the American Arbitration Association.
The petitioners overlook that the arbitrators’ net award in cash of $69,214.16 in three categories includes $68,162.83 in item 1 for the arbitrated adjustments. There can be no objection to immediate payment of the other two items for the expenses of the proceeding. The award of a lump sum in item 1, however, is contrary to the deferred installment plan of the contract. The petitioners are entitled according to their contract and their submission to an adjustment according to their agreement, not to a substantial rebate, immediately, of the first installment. The $68,162.83 amounts to more than 35% of the first 22% payment, considering the selling price of $844,800.33 computed on monthly billings of $51,200.02. The first item of the arbitrators’ award for adjustments payable in cash is invalid. That sum must be prorated and distributed through the entire term of the payments proportionate to each installment payment.
There is no merit to the respondent’s other contentions. He made no written answer to the demands for arbitration. There were two hearings on May 24 and 31, 1956. He now says that he asserted a counterclaim in his brief submitted after the last hearing. Subsequently, the parties entered into the following letter agreement:
Schwagcr, Landau & Krantz, Esq.
Att: Irving Krantz, Esq. Atty. for Arnold H. Capelin & Philip Kleinman 425 Fourth Avenue New York, N. Y.
Morton A. Bernstein, Esq.
Atty. for Abraham Klein 19 West 44th Street New York 36, N. Y.
Re: C-12018 NY-C-53-56
Arnold H. Capelin k& Philip Kleinman -and-
Abraham Klein
Gentlemen:
This will confirm that at the hearing held on May 31,' 1956, the arbitrators directed and the parties indicated their agreement to the following procedure being adopted:
As the arbitrators found that they will require the aid of an accountant in the examination of the accounts in dispute, they will engage the services of a certified public accountant designated by the arbitrators. The accountant shall make an examination of the accounts under the full supervision of *261 the arbitrators and shall report his results directly to them. The parties shall not receive any copy of the accountant’s report and shall not submit any comment thereon to the arbitrators. The parties agreed to share equally in the accountant’s fee and to advance an amount representing an estimate of the fee that they will incur. The Association will bill the parties for a deposit for this estimated expense. The arbitrators in their award, however, will apportion the accountant’s fee between the parties.
The arbitrators further directed that the Claimants supply and file with this office a certified balance sheet not later than June 15, 1956.
Both parties shall exchange and file briefs by June 11, 1956, and exchange and file reply briefs by June 19. These briefs are to be filed in triplicate with this office so that we may transmit a copy of each to each arbitrator. After receipt of the accountant’s report, balance sheet, and briefs the arbitrators shall determine whether future hearings should be held or whether the hearings should be closed.
WF:Ije Very truly yours,
W. Freundel Tribunal Clerk
Consented to by: -
P. S. Will the attorneys for the parties please sign and return one of the copies of this letter.
Whatever arguments the respondent makes in the remaining categories revolve around subjects within the area of consideration and resolution and adjudication by the arbitrators and are not subject to impeachment as here attempted (Matter of Wilkins, 169 N. Y. 494, 496; Matter of Weiner Co. [Freund Co.], 2 A D 2d 341, affd. 3 N Y 2d 806; Matter of Snaider [Mano Hoffner Fur Corp.], 269 App. Div. 271, 274; Matter of Shirley Silk Co. v. American Silk Mills, 257 App. Div. 375, 377). The arbitrators are presumed to have considered what the respondent calls his counterclaim in making their award. Nor does he make any effective showing that he affirmatively raised any question of limitation on the right of the petitioners to arbitration of their claims. The letter of June 11, 1956, admittedly received by respondent despite his plea of misunderstanding of its implications or his attempted repudiation of it by the oblique plea in avoidance of its effect because “ I am informed by my attorney that he signed a copy of the letter and returned it to the Tribunal Clerk.”, is binding upon him. Together with the contract it disposes of the other issues. The contract (par. Eighth) of the parties providing “ [that] liability for any such unsatisfied claim of purchasers shall be determined by arbitration as hereafter provided ” in paragraph Twenty-Fifth and “ shall be settled by arbitration in accordance with the Rules of the American Arbitration Association,” as modified by the quoted letter agreement of June 11, 1956 authorized the procedure followed by the arbitrators of employ *262 ing accountants to work under their supervision and to report to the arbitrators and to withhold the accountant’s report from the parties (Matter of Snaider [Mano-Hoffner Fur Corp.], supra). The letter shows that the adjudicatory procedure described in the letter was to be on the basis of a final submission by June 19. The parties left it to the arbitrators to say if there should be further hearings; the latter refused none (cf. Gervant v. New England Fire Ins. Co., 306 N. Y. 393, 400). Furthermore the agreement to that procedure in the absence of the parties constitutes the waiver mentioned in section 30 of the Commercial Arbitration Rules of the American Arbitration Association as it is quoted by the respondent. True, section 45 of the same rules mandates furnishing papers in the arbitrators’ possession for judicial proceedings. But even if the accountant’s report were here, aside the waiver under the rule of Matter of Wilkins (supra), these would be irrelevant. Finally, it is to be noted that the concluding sentence of the letter agreement of June 11 left it to the arbitrators whether there should be further hearings after receiving the briefs and accountant’s report. In short, except for the form of the award, this was not a case of arbitrators acting in excess of authority, rather their conduct was well within the agreements of the parties including the Rules of Arbitration and there is no showing that all issues submitted were not resolved.
The motion to confirm the arbitrators’ award is denied and the cross motion is granted to the extent of vacating the said award and remanding the proceedings to the arbitrators for revision and adjustment in accordance with the submission of the parties according to this opinion.
Settle order.