Jacob Markowitz, J.
These are cross motions, one to confirm an arbitrator’s award and the other to vacate, modify and correct the award. Respondent’s affidavits and exhibits, objections and arguments, present no sufficient legal ground to warrant vacatur of the award. Respondent does not establish any miscalculation of figures on the face of the award nor any other evidence that the award does not correctly reflect what the arbitrators intended. Respondent has not shown sufficient cause for its requested adjournment before the arbitrator and, more *557 over, the facts indicate that the arbitrators’ decision to close the hearings was a fair and proper exercise of the discretion vested in them. The “ facts’ ’ upon which respondent bases its claim that the arbitrators should now be determined as disqualified are untenable. Respondent participated in the arbitration throughout with full knowledge of the manner of the designation of the arbitrators without any objection whatever thereto. After the adverse award here, it now, for the first time, seeks to vacate the award by complaining of the manner of the selection of the arbitrators. In addition, the argument of alleged relationship of the arbitrators is without merit and is irrelevant. In sum total, all that respondent has shown is a dissatisfaction with the award and an attempt to have this court review the award for claimed errors of fact and of law and seeks a disaffirmance thereof upon the weight of the evidence. The court does not have the power to review an award for errors of fact or law, for all issues of fact and of law are exclusively for the arbitrators’ determination (Matter of Pine St. Realty Co. v. Coutroulos, 233 App. Div. 404, motion for leave to appeal denied 258 N. Y. 609; Matter of Shirley Silk Co. v. American Silk Mills, 257 App. Div. 375; Matter of Friedheim v. International Paper Co., 265 App. Div. 601; Matter of Brighton Mills v. Rayon Corp. of America, 282 App. Div. 669). Since the court’s jurisdiction to vacate or modify an award is purely statutory, it may vacate or modify only upon one or more grounds specified in sections 1462 and 1462-a of the Civil Practice Act (Matter of Weiner Co., 2 A D 2d 341, affd. 3 N Y 2d 806). Respondent fails to present sufficient cause for vacatur upon these grounds. Accordingly, the motion to confirm is granted and the cross motion to vacate or modify is denied.
Settle order.