Howard A. Zeller, J.
Petitioner Charles R. Wainwright moves pursuant to section 1462 of the Civil Practice Act for an order vacating and setting aside an arbitration award of damages arising from the death of his daughter, Connie Ann Wainwright, on a claim made by him under his own automobile liability insurance policy issued by the respondent. The respondent, Globe Indemnity Company, has cross-moved for an order confirming the arbitration award and directing entry of judgment thereon.
Connie Ann Wainwright’s death on October 10, 1959 was caused by carbon monoxide poisoning while a passenger in an uninsured automobile whose oyynep-operator had removed a *213 substantial portion of its exhaust pipe and allowed the muffler to remain in a rusted and corroded condition. Mr. Wainwright’s own automobile liability insurance policy issued by Globe Indemnity Company contained an indorsement providing indemnity for injuries or loss sustained by him or members of his family caused by accident arising out of the negligent maintenance, operation or use of an uninsured vehicle. After having been appointed administrator of his daughter’s estate, Mr. Wainwright sought indemnity from Globe Indemnity Company which rejected his claim upon the ground that the incident which caused his daughter’s death was not covered by the indorsement.
Pursuant to a requirement of the indorsement, the dispute was submitted to arbitrators. After a hearing and deliberation, two of the arbitrators, a majority, awarded Mr. Wainwright $1,145, an amount exactly equal to the undisputed bills for funeral and burial expenses of his daughter. One of the arbitrators dissented from the award but neither gave nor was required to give a reason for his decision. (Matter of Weiner Co. [Freund Co.], 2 AD 2d 341, affd. without opinion 3 NY 2d 806.)
Mr. Wainwright claims the arbitration award should be vacated and set aside because (1) there was evident partiality in the arbitrators; (2) there was an obvious mistake made by the arbitrators in the assessment of damages; and (3) the arbitrators so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made. The basic reason for the attack on the award is that it granted no more than so-called special damages and made absolutely no award for pecuniary loss to Miss Wainwright’s next of kin as permitted by the Decedent Estate Law.
The evidentiary facts are either conceded or uncontested. At the' time of her death, Miss Wainwright was 17 years and 8 months old. For a year and a half preceding her death she had worked without salary as such for 50 to 60 hours a week in a restaurant owned by her parents but operated primarily by her mother and herself. Miss Wainwright was an industrious and ambitious girl with a genuine interest in restaurant operation. Competent restaurant help, as Miss Wainwright was characterized, would be paid $1.25 per hour locally. The Wainwrights provided their daughter with a home, her clothing and all other necessaries, whatever funds she required, and also furnished and maintained a car for her. Miss Wainwright’s character and habits were beyond reproach, she had not been keeping-steady company with any young man, and had no immediate plans for marriage insofar as her parents knew. Much of her *214 off-duty time was spent at home looking after several younger sisters whose ages ranged down to six years.
The applicable statutory grounds for vacating an arbitration award by this court are contained in the following provisions of section 1462 of the Civil Practice Act:
“ 1. Where the award was procured by corruption, fraud or other undue means.
‘ £ 2. Where there was evident partiality or corruption in the arbitrators or either of them.
“ 3. Where the arbitrators were guilty of misconduct in refusing- to postpone the hearing upon sufficient cause shown, or in refusing* to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
£ ‘ 4. Where the arbitrators or other persons making the award exceeded their powers, or so imperfectly executed them, that a mutual, final and definite award upon the subject-matter submitted was not made.”
Despite the general rule that the powers of this court to vacate an arbitration award are derived solely from the statute, ££ the court will not lend its power to the enforcement of the kind of a decision in arbitration which it would neither allow nor enforce as the subject of an action maintained before it directly”. (Matter of Publishers’ Assn. [Newspaper Union], 280 App. Div. 500, 507; see Matter of Weiner Co. [Freund Co.], 2 A D 341, affd. 3 N Y 2d 806, supra; Matter of Garnet [Kassover], 8 A D 2d 631; Matter of French Textiles Co. [Senor], 7 A D 2d 896; 21 Carmody-Wait, New York Practice, p. 566.) This statement of principle is not to be interpreted as permitting judicial interference with mere errors of judgment on the part of the arbitrators concerning the law or the facts of a submitted matter. (Matter of Wilkins, 169 N. Y. 494.) Nor is the statement censtruable as confining an arbitration award to the forms of relief common to law or in conformity with the precepts of equity. (Matter of Transpacific Transp. [Sirena Co.], 9 A D 2d 316.) However, the principle does support the vacation of awards in instances which are beyond or outside the scope of the existing statutes. Thus the equitable jurisdiction of the courts in matters of arbitration (Matter of Lipschutz [Gutwirth], 304 N. Y. 58, 62) has been invoked to vacate awards which transgress a particular statute (Matter of Western Union Tel. Co. [ACA], 299 N. Y. 177), which are illegal in result or their contractual inception (Matter of Metro Plan v. Miscione, 257 App. Div. 652), which otherwise violate public policy, as in matters of infant custody and support (Matter of Michelman [Michelman], 5 Misc 2d 570), *215 which are legally erroneous on the face of the award (Fudickar v. Guardian Mut. Life Ins. Co., 62 N. Y. 392), and those which are punitive or excessive as to the damages awarded (Matter of Publishers’ Assn. [Newspaper Union], 280 App. Div. 500, supra; Van Cortlandt v. Underhill, 17 Johns. 405, 410).
The award implicitly, and with ample support in the record, finds liability on the part of the uninsured owner-operator and establishes the obligation of Globe Indemnity Company to pay damages consequent to Miss Wainwright’s death. To then award only the special damages arising from her death and grant no damages to her next of kin for the value of her life to them is such a grossly unjust result as to both assault the equitable conscience of this court and to invoke its inherent powers. True, the quantum of damages awarded in arbitration ordinarily is not subject to judicial review. It is equally true that the pecuniary loss sustained in money or money’s worth by next of kin in a wrongful death action is greatly speculative. But to hold that this young lady’s life had no monetary value to her father and mother is so grave an injustice and so contrary to the case proved that this court should not lend its powers of enforcement to such portion of the arbitration decision. (Van Cortlandt v. Underhill, supra, pp. 410, 416.)
Apart from the aspects of the equitable jurisdiction of the courts to vacate or confirm awards in arbitration, the award as made is considered neither final nor definite as to all matters submitted to the arbitrators. Despite the general language in the award that it was ‘1 in full settlement of all claims submitted ”, the absence of any clear monetary recognition for the pecuniary losses to the next of kin arising from wrongful death renders the award incomplete and nonfinal within the intent of subdivision 4 of section 1462 of the Buies of Civil Practice. (See Jones v. Welwood, 71 N. Y. 208.)
That portion of the award which establishes by implication the basic right of Mr. Wainwright for full indemnity and determines the amount of the special damages is considered separable and should be confirmed. (Herbst v. Hagenaers, 137 N. Y. 290; Jones v. Welwood, supra; Shrump v. Parfitt, 84 Hun 341; Keep v. Keep, 17 Hun 152.) The question of the value of the damages accruing to Miss Wainwright’s next of kin for her wrongful death should be referred for a hearing and determination to another and different panel of arbitrators selected as before. To the extent that the present award fails to grant any such damages, it should be vacated.
In view of the foregoing disposition Mr. Wainwright’s other contentions need not be considered.