189 So.2d 486 (1966)
AMERICAN FIDELITY FIRE INSURANCE COMPANY, Appellant,
v.
Emanuel RICHARDSON and Fannie Richardson, Appellees.
No. 66-13.
District Court of Appeal of Florida. Third District.
August 9, 1966.
Rehearing Denied September 16, 1966.
*487 Bolles, Goodwin & Ryskamp, Fuller & Brumer, Miami, for appellant.
Kelner & Lewis, Miami, for appellees.
Before HENDRY, C.J., and PEARSON, J., and SPAET, HAROLD B. Associate Judge.
PEARSON, Judge.
The question argued on this appeal is whether or not subsection (2) of section 57.22, Fla. Stat. 1963, F.S.A., is a 90-day statute of limitation which bars a subsequent plea of collateral fraud upon an application to confirm the award of arbitrators. The applicable statutes, including the subsection referred to, are as follows:
"57.21 Confirmation of an Award.  Upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in §§ 57.22 * * *." [Emphasis supplied]
"57.22 Vacating an award. 
(1) Upon application of a party, the court shall vacate an award when:
(a) The award was procured by corruption, fraud or other undue means;
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party;
(c) The arbitrators or the umpire in the course of his jurisdiction exceeded their powers;
(d) The arbitrators or the umpire in the course of his jurisdiction refused to *488 postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of § 57.15, as to prejudice substantially the rights of a party; or
(e) There was no agreement or provision for arbitration subject to this law, unless the matter was determined in proceedings under § 57.12 and unless the party participated in the arbitration hearing without raising the objection;
* * * * * *
(2) An application under this section shall be made within ninety days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within ninety days after such grounds are known or should have been known."
The question arises upon an appeal from a judgment on the pleadings which was entered upon an application to confirm the award. The pleadings before the court present the following allegations:
(1) On April 3, 1964, the appellees were injured in an automobile collision with an uninsured motorist. The appellees made a claim under an insurance policy issued by the appellant, American Fidelity Fire Insurance Company, which contained a standard uninsured motorist provision which in turn contained a provision for arbitration.
(2) On May 4, 1965, appellees executed a release to the uninsured motorist which released and discharged said motorist from liability.
(3) On May 27, 1965, the hearing was held before an arbitrator appointed by the American Arbitration Association.
(4) On May 27, 1965, the arbitrator made an award to the appellees.
(5) On October 27, 1965, appellees filed, in the circuit court, their application to confirm award.
(6) On November 19, 1965, appellant filed an answer and counterclaim. The answer admitted every allegation contained in the application to confirm award. The counterclaim set forth the facts as stated in the numbered paragraphs one through five above and further alleged as follows:
"6. That the counter-defendants failed to disclose the execution of the aforesaid release and the promise of payment by Duffie Fountain, but proceeded to arbitrate this matter before an arbitrator appointed by the American Arbitration Association on May 27, 1965, and the counter-defendants further failed to acknowledge these foregoing facts before signing the Trust Agreement required by the American Arbitration Association as a prerequisite to satisfaction of the award made by the arbitrator. [The trust agreement was signed on June 14, 1965.]
"7. By reason of the foregoing, the counter-defendants have violated numerous provisions of the contract for automobile liability insurance and, therefore, the counter-plaintiff has elected to cancel and rescind any coverage as a result of this particular incident under the terms and condition of the aforesaid policy."
It further appears from the allegations of the counterclaim that the appellee-insured, Emanuel Richardson, certified on June 14, 1965, that he had not given a release to any person legally liable for the uninsured automobile. We are informed by counsel, but it does not appear in the record, that there is a controversy over the validity of the release.
Upon motion by the appellees, the trial judge dismissed the counterclaim, granted judgment on the pleadings, confirmed the arbitrator's award, and entered final judgment for the amount found by the arbitrator and for costs against the appellant, insurance company.
The appellant urges that the chancellor erred in dismissing the counterclaim and entering the judgment upon the pleadings *489 because the counterclaim established that the insured had violated material provisions of the insurance policy. The appellees, upon the other hand, contended that the court correctly entered the judgment on the pleadings because appellant did not apply to vacate the award within the time limits imposed by section 57.22(2), Fla. Stat. 1963, F.S.A.
An unauthorized release, or an unauthorized law suit, may preclude a recovery by an insured under the uninsured motorist provision of an insurance policy. Oren v. General Accident Fire and Life Assurance Corporation, Fla.App. 1965, 175 So.2d 581; Phoenix Insurance Company v. Bowen, Fla.App. 1965, 178 So.2d 751. Therefore, if the allegations of the counterclaim are true and the appellees are unable to avoid the effect of the same, then the accident was not one for which the appellant-insurer must respond.
We do not determine the applicability of the limitation in section 57.22(2), Fla. Stat. 1963, F.S.A., because an examination of section 57.22(1), Fla. Stat. 1963, F.S.A., and the decisions[1] from jurisdictions having a similar statute[2] indicates that the "corruption, fraud, or other undue means" which will serve as a basis for vacating an award is that which is inherent in, or occurs during, the arbitration proceeding. Cf. Johnson v. Wills, 72 Fla. 290, 73 So. 188 (1916); Rothstein, "Vacation of Awards for Fraud, Bias, Misconduct and Partiality", 10 Vand.L.R. 813 (1957). The counterclaim questions the existence of the right sought to be enforced by the arbitration proceeding. The insurer's liability for the loss was not within the arbitrator's sphere of inquiry. Therefore, the award is binding as to the extent of damages incurred by the appellees but the appellant's liability for the loss has not been determined. See Hanover Fire Ins. Co. v. Lewis, 28 Fla. 209, 10 So. 297, 302 (1891).
The chancellor erred in dismissing the counterclaim for failure to state a cause of action. In addition to a request for an order vacating the award, the counterclaim requested that the court "enter a final decree construing the terms of the automobile liability insurance policy, determining that the counter-defendants have breached the conditions of the policy, holding that no insurance has been provided by reason of the claim arising from this particular accident." Since the appellees' right to a payment under the policy had not been established, the chancellor should have deferred ruling upon the motion to confirm the award until the issues[3] raised by the counterclaim had been determined.
Accordingly, we hold that the trial court erred and the judgment is reversed. The cause is remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.
NOTES
[1] See cases collected at 8 A.L.R. 1087. See also 5 Am.Jur.2d, Arbitration and Award §§ 168, 175; 30A Am.Jur., Judgments § 784.
[2] See 9 U.S.C.A. § 10; N.Y.C.P.L.R. § 7511; Uniform Arbitration Act § 12, 9 U.L.A. 82 (1957).
[3] We use the term advisedly because it did not become necessary for the appellees to file a reply to the counterclaim. We have not considered the availability of affirmative defenses such as waiver or estoppel.