224 So.2d 802 (1969)
King S. CARTER et Ux., Petitioners,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, Respondent.
No. L-352.
District Court of Appeal of Florida. First District.
July 1, 1969.
*803 J.B. Hodges, Lake City, for petitioners.
J. Richard Moore, of Mathews, Osborne & Ehrlich, Jacksonville, for respondent.
WIGGINTON, Chief Judge.
Petitioners seek review by certiorari of a judgment rendered by the Circuit Court which reversed the judgment rendered in favor of petitioners by the Small Claims Court of Columbia County. Petitioners contend that the judgment appealed constitutes a departure from the essential requirements of law thereby requiring that it be quashed and the judgment of the Small Claims Court reinstated.
In order to understand the issue involved, it is necessary to detail the facts from which the issue arises. Petitioners sustained injuries as a result of a collision between their vehicle and one negligently operated by an uninsured motorist. Petitioners notified respondent of the damages suffered by them, and demanded reimbursement pursuant to the terms of the uninsured motorist provision of the liability insurance policy issued to petitioners by respondent and which was then in force and effect. When respondent refused to recognize its liability, arbitration under the terms of the policy was demanded and agreed upon to be conducted in accordance with Chapter 57, F.S., now Chapter 682, F.S. The provision of the insurance policy relative to aribitration provides that in the event of arbitration, each party shall select an arbitrator, and the two so named shall select a third arbitrator; the three arbitrators so selected shall hear and determine the questions in dispute, and the decision in writing of any two arbitrators shall be binding upon the parties. It is further provided that each party shall pay his or its chosen arbitrator, and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration.
At the conclusion of their deliberations, following hearing and the taking of evidence, the arbitrators filed their report finding in favor of petitioners and assessing their damages in the sum of $2500.00. The matter of costs, expenses of arbitration, and fees of the arbitrators was not discussed during the hearing, nor was any provision therefor made in the written award filed by the arbitrators. Copies of the award were served on counsel for each of the parties.
Upon receipt of a copy of the award, petitioners' counsel wrote a letter to respondent's attorney itemizing the costs necessarily *804 incurred by them in connection with the arbitration proceedings in the total amount of $253.50. The arbitrators informally agreed to accept as their fee for services the sum of $200.00 each. Respondent thereupon paid to petitioners the sum of $2500.00 awarded them by the arbitrators, together with the sum of $253.50 for the costs incurred and claimed by them. Respondent also paid the fee of the arbitrator selected by it and one-half of the fee due the neutral arbitrator who had been selected to serve by the arbitrators appointed by the parties. Respondent refused, however, to pay the entire fee due the neutral arbitrator, and refused to pay any part of the fee due to the arbitrator appointed by petitioners. Petitioners' attorney wrote a letter to respondent's attorney, sending copies to all three arbitrators, requesting that the arbitration award be amended by taxing the costs claimed by them in the sum of $253.50 together with the full amount of the arbitrators' fees in the sum of $600.00 against respondent. Respondent's counsel replied to this letter, sending copies to the arbitrators, objecting to any amendment being made to the award previously filed by the arbitrators, and taking the position that the total amount of the arbitrators' fees should not be taxed against it. Without holding a formal hearing, or giving notice to either of the parties, two of the three members of the arbitration board rendered a supplemental order in accordance with petitioners' application, taxing the costs and the total amount of all arbitrators' fees against respondent.
Although respondent's counsel orally informed petitioners' attorney that respondent refused to pay the arbitrators' fees as taxed against it by the amended arbitration award, respondent took no further action to contest, appeal, or otherwise seek administrative or judicial review of the portion of the award to which it objected.
The arbitration statute provides that on application of either party to an arbitration, the arbitrators may modify or correct the award upon certain specified grounds provided written notice of such application is given to the opposite party within twenty days after delivery of the award to the applicant.[1] It is our view that respondent's objection to the award taxing against it the total amount of arbitrators' fees falls properly within the grounds authorizing a change or modification of the arbitrators' award pursuant to the above-mentioned section of the statute. The record reveals, however, that respondent made no application within the twenty days permitted by the statute to secure such a change or modification of the award.
The statute further provides that either party to the arbitration may apply to a court of competent jurisdiction for the modification or correction of an arbitration award upon certain specified grounds, provided such application is made within ninety days after delivery of a copy of the award to the applicant.[2] We conclude that respondent's objection to the portion of the award here in question comes within the scope of the grounds authorizing the modification or correction of an award by the court. The record reveals that no such application was made to any court by respondent within ninety days after delivery of a copy of the award to it.
After more than ninety days had expired from the rendition of the arbitrators' order modifying the original award and taxing costs and fees against respondent, petitioners instituted this action in the Small Claims Court of Columbia County. By their complaint petitioners sought judgment against respondent in the amount of $300.00, such sum representing the portions of the arbitrators' fees taxed against respondent which it had theretofore refused to pay. Respondent filed an answer in which it defended on the ground that the arbitration provision of the insurance policy *805 issued by it to petitioners provides that each party shall pay the fee of the arbitrator appointed by him or it, and one-half of the fee of the neutral arbitrator selected by them to serve in the proceeding. Respondent alleged that the division of liability for payment of the arbitrators' fees between the parties as provided by the terms of the insurance policy is binding upon the board of arbitrators under the provision of the statute relating to fees and expenses of arbitration, and that the arbitrators were without jurisdiction or authority to tax the total amount of arbitrators' fees against it. The statute on which respondent relied in support of its defense in the Small Claims Court is as follows:
"Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award."[3]
Upon final hearing the Small Claims Court of Columbia County rendered judgment against respondent for the full amount of the arbitrators' fees as set forth in the modified award made by the arbitrators. Petitioners' prayer for attorney's fees as authorized by F.S. Section 627.0127, F.S.A.,[4] was denied. On appeal to the Circuit Court, the judgment of the Small Claims Court was reversed, and petitioners' application for award of attorney's fees in that court was likewise denied.
Respondent urges that the only question presented for our decision is the one considered and resolved in its favor by the Circuit Court of Columbia County. Respondent conceives this question to be whether arbitrators, acting pursuant to the provisions of Chapter 682, F.S., may in their discretion tax the total amount of arbitrators' fees against either of the parties to the arbitration if the arbitration arises out of a provision of a liability insurance policy which provides that each party shall share equal liability for the fees to be paid the arbitrators. If this were the controlling question in the case, we would be inclined to agree with respondent that it must be answered in the negative. From the posture of the case as we view it, however, we do not conceive that it is necessary to either reach or decide the question presented by respondent as determinative of this review.
It is undisputed that the arbitrators selected by the parties to this action included in the award made by them a provision taxing against respondent the total amount of arbitrators' fees to be paid the three arbitrators who served in the proceeding. The arbitrators were authorized by statute to provide for the payment of the arbitrators' fees and expenses in their award. Such act on their part was clearly within their jurisdiction and is presumptively valid until modified, vacated, or amended in a proper proceeding. If the arbitrators committed an error of law in taxing the entire amount of their fees against respondent despite the terms of the statute and the contrary provision contained in the arbitration clause of the insurance policy, such error was one susceptible of correction by appropriate judicial review. It was not void ab initio as contended by respondent, but merely voidable.
*806 In discussing the general law relating to arbitration and award, the author of Florida Jurisprudence says:
"An award must finally determine the matter submitted, leaving nothing to be done but to execute and carry out its terms. A statutory award which is regular on its face is conclusive upon the merits of the controversy submitted. It is a final adjudication by a court of the parties' own choice, and is entitled to the respect due to the judgment of a court of last resort. However disappointing it may be, the parties must abide by it, until impeached in an appropriate proceeding on sufficient grounds. It cannot be set aside for mere errors in judgment either as to the law or as to the facts. If the award is within the scope of the submission, and the arbitrators are not guilty of the acts of misconduct set forth in the statute the award operates as a final and conclusive judgment upon the merits of the controversy submitted."[5]
By having failed to apply to the arbitrators for a modification or correction of that portion of their award taxing arbitrators' fees against it, and having failed to apply to a court of competent jurisdiction for an order modifying or correcting that portion of the arbitrators' award which it contends was erroneous as a matter of law, respondent waived any lawful objections it may have had to the correctness and validity of the award and could not later assert its objection as a defense to the action brought by petitioners to enforce the award. The award having become final, the Small Claims Court of Columbia County had no alternative but to render judgment in accordance with the terms and provisions thereof. Since it was necessary for petitioners to institute the action in that court in order to collect the amount due it under its insurance policy with respondent, it was entitled to an award of attorney's fees as provided by the statute above-mentioned which authorizes an allowance of attorney's fees in cases of this kind. By the same token, the Circuit Court of Columbia County erred in reviewing the merits of the arbitration proceeding and setting aside a portion of an award which had become final and binding on the parties. The court further erred in denying petitioners an award of attorney's fees for services in that court.
In defense of the judgment here reviewed respondent also urges that the Circuit Court correctly reversed the judgment rendered by the Small Claims Court because of the additional reason that the supplemental award of arbitrators' fees made by two of the arbitrators subsequent to the rendition of the initial award on liability was void ab initio because signed by only two of the arbitrators and rendered without notice and an opportunity to be heard by respondent. There are several reasons why this contention cannot be considered and must be rejected.
Firstly, it must be remembered that the proceeding we now consider is a petition for writ of certiorari to review the judgment of the Circuit Court acting in its appellate capacity, and not a direct appeal from that judgment. The scope of review in a certiorari proceeding is much narrower than that permitted on a direct appeal, and is confined to the single question of whether the trial court either acted without or in excess of its jurisdiction, or contrary to the essential requirements of law. Because of the narrow scope of review, we are necessarily confined to a consideration of whether the trial court acting in its appellate capacity erroneously decided the question presented to it for adjudication. A review of the record before us containing the opinion rendered by the Circuit Court of Columbia County affirmatively reflects that the only question presented and considered by that court on *807 appeal was that set forth in its opinion as follows:
"The question for decision is whether the defendant could be found liable for the entire amount of the fees charged by the arbitrators who served at the hearing on plaintiffs' uninsured motorist claim."
After stating the foregoing question, the Circuit Court based its decision of reversal on the sole ground that under the statute relating to payment of arbitrators' fees, coupled with the arbitration clause set forth in the liability insurance policy issued by defendant to plaintiffs, defendant was only liable for the payment of the fee charged by its own arbitrator and for one-half of the fee charged by the neutral arbitrator appointed by the parties. The Circuit Court neither considered nor passed upon the question of whether the supplemental award signed by only two of the arbitrators without notice of hearing was valid or invalid. Because the Circuit Court neither considered nor passed upon this question, we are not at liberty to consider it in the proceeding which we now entertain, nor are we permitted to rely on such issue as a ground for quashing or refusing to quash the judgment here challenged.
Secondly, it is our view that the supplemental award fixing arbitrators' fees and costs constituted action which could and should have been taken and the results incorporated in the initial award without the necessity of further hearing or argument. Under the terms of the arbitration clause contained in the policy drafted and issued by respondent, any award made by two of the three arbitrators would be valid and binding on the parties. The supplemental award was not such a change, correction, or modification of the original award as to fall within those provisions of the arbitration statute which require that amendments, corrections, or modifications of an award shall be made only after notice and hearing. Be this as it may, even if the action of the arbitrators in making the supplemental award in the manner indicated did not accord with the requirements of the statute, such would constitute merely an error of law to be corrected only by resort to the arbitrators or a court of competent jurisdiction in the manner provided by the statute. The action of the arbitrators in making an award of fees and costs was clearly within their statutory jurisdiction and their action, even if erroneous, could not be considered void ab initio as contended by respondent.
Because of the foregoing reasons the judgment here reviewed is quashed and the cause remanded for the rendition of an appropriate judgment consistent with the views expressed herein. Petitioners are hereby awarded the sum of $900.00 as attorney's fees for services in the three courts to which they have had to resort in order to secure the benefits to which they are entitled under the insurance policy sued upon in this case.
Certiorari granted, and the judgment here reviewed is quashed.
SPECTOR, J., concurs.
JOHNSON, J., dissents.
JOHNSON, Judge (dissenting):
I cannot agree with the majority opinion in this case for the reasons that I believe a failure, on the part of the arbitrators, to follow the statute renders the award void ab initio.
Section 682.06(3) provides:
"The hearing shall be conducted by all the arbitrators but a majority may determine any question and render a final award. * * *"
Section 682.10 provides that written notice of change in an award must be given the other party and such notice shall direct such other party to serve his objections thereto within ten days from date of notice.
In the case sub judice, the award was made by all three of the arbitrators on *808 September 26, 1967, reduced to writing, signed by Emory P. Cain, as Foreman. On October 18, 1967, an alleged "amendment to arbitration award" was made by two of the arbitrators, Mr. Adel and Mr. McDavid and signed by them. There is nothing in the record to indicate that any notice was given either to the third arbitrator, Mr. Cain, or to the respondent. The statute referred to supra requires all three arbitrators to hear the matters to be presented and also, requires notice of change. Regardless of what the addition to the award as made by two of the arbitrators is called, it is a change in the end result thereof and therefore, a failure to comply with the statute vitiates the award.
The Supreme Court of Florida in Cassara v. Wofford, 55 So.2d 102 (1951) said at page 105:
"* * * However, we do not think the statute has changed the common-law rule that all arbitrators shall sit at the hearings and hear the evidence; and we have no doubt that the exclusion of one of the arbitrators from the hearings would be such `misbehavior' as to justify setting aside the award signed by the other arbitrators. * * *"
The court said further, in speaking of the notice of opposing side, (page 106): "* * * and it is universally held that in arbitration proceedings, as in all judicial proceedings, persons whose rights and obligations are affected thereby have an absolute right to be heard and to present their evidence, after reasonable notice of the time and place of the hearing; and that failure of the arbitrators to give notice and an opportunity to be heard is such misconduct or misbehavior as will vitiate an award, irrespective of the fact that there may have been no corrupt intention on the part of the arbitrators. * * *"
Therefore, it is my opinion that the "amendment" to the award was void and no attack upon the same was required by the respondent until some effort was made to enforce the same. The 90 day provision of the statute for filing objections to the award as provided in section 682.13 does not apply to a void award. 3 Fla.Jur., § 13 page 26, states that all arbitrators must sit at such hearing and hear the evidence.
19 Fla.Jur., Judgments and Decrees, § 254, provides:
"A void judgment or decree is not entitled to the respect of a valid adjudication, and may be declared inoperative by any tribunal in which effect is sought to be given it.
"A void adjudication has no legal or binding effect; it does not impair, or create, rights; it is not entitled to enforcement, and is ordinarily no protection to those who seek to enforce it. All proceedings founded on such an adjudication are regarded as invalid, for a void judgment or decree is regarded as a nullity, as mere waste paper. The situation is the same as if there had been no adjudication."
For the foregoing reasons, I think the circuit court was correct in reversing the small claims court in this case, and I therefore dissent.
NOTES
[1] F.S. § 682.10, F.S.A.
[2] F.S. § 682.14, F.S.A.
[3] F.S. § 682.11, F.S.A.
[4] F.S. § 627.0127, F.S.A.

"(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
* * * * *
"(3) Where so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case."
[5] 3 Fla.Jur. 28-29, Arbitration and Award, § 15.