### BASLE v. ALLSTATE INSURANCE CO.

No. 75-32014.

Circuit Court, Dade County.

October 5, 1976.

W. Sam Holland of Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, for the plaintiff.

Arthur H. Taylor of Spencer & Taylor Miami, for the defendant.

SIDNEY M. WEAVER, Circuit Judge.

This cause having come on before the court on the defendant's motion to dismiss, and the court having heard argument of counsel and being otherwise fully advised in the premises, it is ordered and adjudged —

1. That the defendant pay to the plaintiff the costs of arbitration in the amount of $520.94.

2. That the defendant pay to the plaintiff the entire amount of the American Arbitration Association award of $6,000, allowing no set off for medical expenses.

3. The court retains jurisdiction of all amounts recovered by the plaintiff from the tortfeasor, its agents, assignees, officers, or personal representatives or its insureds known as Treasure Salvors, Inc., Melvin Fisher, president of Treasure Salvors, Inc., and Ken Eugene Fisher, son of Melvin Fisher, now deceased, until the subrogation matters are finally determined by this court.

\*     \*     \*     \*     \*

The plaintiff's attorney filed the following —

MEMORANDUM IN SUPPORT OF
MOTION TO MODIFY AWARD

On May 7, 1976, the American Arbitration Association forwarded to the attorney for the claimant the award in this matter. Subsequent thereto, claimant's attorney has been unable to resolve the issue of the expenses which are the subject matter of the Motion to Modify the Award herein. F. S. 682.11 (1973), states as follows:

". . . Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award . . ."

In *Rutkin* v. *State Farm Mutual Automobile Ins. Co.*, 195 So.2d 221 (Fla. App. 3d 1967), aff'd. 199 So.2d 705 (Fla. 1967), the District

Court of Appeal, Third District, allowed recovery of what is commonly referred to as "court costs." *Rutkin* was a 2-to-1 decision with Judges Carroll and Pearson for the majority and Judge Hendry dissenting. The court held that then F. S. 57.20, now F. S. 682.11, did not allow for court costs but only for arbitration fees and expenses. In the cause sub judice, that would include only the $75 item in the Motion to Modify Award. However, the court went on to hold that the Uninsured Motorist Statute required the same protection be given a litigant in arbitration with respect to court costs as in a court of law. Judge Hendry, in his dissent, stated that the Uninsured Motorist Statute could not be extended to allow for court costs. He took the position that such costs have to be specifically allowed by statute.

The case was certified to the Supreme Court and was affirmed three to two. The court approved the Third District's reasoning regarding the Uninsured Motorist Statute. The court also held that the Arbitration Statute should not be read to authorize the reduction of the amounts representing the actual damages or losses incurred by the insured or any costs necessarily incurred in establishing such damages in the arbitration proceedings. On the basis of *Rutkin*, the arbitrators in this matter have the authority to make allowance for costs in the award. Otherwise, the parties to arbitration would have to go into the court system each time there was a dispute over costs. Such a procedure would be contrary to public policy.

In *Carter* v. *State Farm Mutual Automobile Ins. Co.*, 224 So.2d 802 (Fla. App. 1st 1969), the parties agreed to the taxation of costs in the sum of $253.50. This item was included in an amended arbitration award. The court held that the arbitrators were authorized by statute to provide for the payment of the arbitrators' fees and expenses in their award. The court did not refer to *Rutkin* and there was no breakdown between "court costs" and "expenses." The *Carter* court was apparently under the assumption that F. S. 682.11 allows for an award of "court costs." The case went up on appeal only because the arbitrators also allowed for all of the arbitrators' fees to be paid by the carrier. The insurance contract stated that the insured would pay for his arbitrator and would pay one-half of the neutral arbitrator's fees. The award was contra to the policy but the court affirmed because the carrier did not timely object to the award. Nevertheless, *Carter* clearly stands for the proposition that arbitrators may award "court costs."

This area was recently muddied by *American Service Mutual Insurance Co.* v. *Wilson*, 323 So.2d 645 (Fla. App. 3d 1975). Judge Hendry wrote the majority opinion with Judge Haverfield. In *Wilson*, the arbitrators stated in the absence of a provision to permit the taxing of costs in the rules of the American Arbitration Association, that they would take no position on the issue. Circuit Court Judge Fuller denied the recovery of such costs. The Third District affirmed, holding that there was neither

an agreement for such costs nor any statute providing for the payment of such costs. Judge Pearson, the author of *Rutkin*, dissented and cited *Rutkin*. No petition for a writ of certiorari to the Supreme Court was taken.

It is the position of the claimant herein that until the Supreme Court holds otherwise, the *Rutkin* decision is still in force and effect and should be followed by the arbitrators.

> BRADFORD, WILLIAMS, McKAY,
> KIMBRELL, HAMANN & JENNINGS
> 101 East Flagler Street
> Miami, Florida 33131
> By   *W. Sam Holland*
>    Attorneys for Applicant