339 So.2d 707 (1976)
J.E. MORTON and William E. Morton, Appellants,
v.
Samy Farouk RIFAI and Maunira Rifai, Appellees.
No. BB-352.
District Court of Appeal of Florida, First District.
December 1, 1976.
*708 Jon D. White of Fisher, Bell & White, Pensacola, for appellants.
William K. Jennings, Fort Walton Beach, for appellees.
BOYER, Chief Judge.
In 1974 appellees Rifai sold to appellants Morton a parcel of real estate. In addition to a cash payment, the purchasers assumed an existing mortgage in favor of a federal savings and loan association and executed a promissory note for the balance of the purchase price, secured by a second mortgage encumbering the property. Thereafter, experiencing financial difficulties, the Mortons reconveyed the property to the Rifais but there was no agreement as to the intended affect of the reconveyance. The Rifais thereafter conveyed the property to a third party in return for an assumption of the obligation of the first mortgage in favor of the federal savings and loan association and sued the Mortons for the balance owed on their note. Judgment was entered for the Rifais and this appeal followed.
Appellants urge that when the property was reconveyed to appellees a merger was effected. Appellees respond that since they are not seeking to foreclose the mortgage it is immaterial whether or not there was a merger, urging that a merger does not affect the indebtedness on account of the note. Appellees are correct. Normally, there is no implication from the taking of collateral security for the payment of a debt that the creditor must look to it only or primarily for the payment of the debt. (22 Fla.Jur., "Mortgages", § 291) In Florida, a creditor holding a note secured by a mortgage may ignore his security and bring an action on the note. (Florida National Bank and Trust Co. v. Brown, Sup.Ct. Fla. 1950, 47 So.2d 748) Thus, when the Mortons reconveyed the property to the Rifais, there may have been a merger insofar as the second mortgage was concerned, but the promissory note, constituting a separate and distinct agreement, was unaffected by the reconveyance.
Nor do the facts of this case reveal an accord and satisfaction. The requisites of an accord and satisfaction are a new agreement which is intended by the parties to substitute for a former agreement. (State Road Department v. Houdaille Industries, Inc., Fla.App. 1st 1970, 237 So.2d 270, 274) The uncontradicted evidence in this case reveals that although appellants apparently were of the view that a voluntary reconveyance of the property would cancel the indebtedness it is clear that there was no agreement to that effect and no meeting of the minds. In fact, appellant J.E. Morton admitted that he merely assumed that if he reconveyed the property to appellees, the promissory note would be forgotten, and that appellees never made any commitment to accept the deed as full satisfaction of the debt.
Finally, appellants urge that appellees should not be permitted to recover what appellants term a "deficiency judgment", *709 claiming that the property was resold by appellees without notice to appellants, citing Turk v. St. Petersburg Bank & Trust Co., Fla.App.2nd 1973, 281 So.2d 534. Our examination of the record reveals that the lack of notice issue was raised for the first time on appeal and may not therefore be properly considered by us.
AFFIRMED.
McCORD and MILLS, JJ., concur.