356 So.2d 1287 (1978)
The TRAVELERS INSURANCE COMPANY and the Travelers Indemnity Company, Appellants,
v.
Donald ALLEN, Individually, As Surviving Spouse, and As Administrator of the Estate of Elizabeth Allen, Deceased, Appellee.
No. 76-2052.
District Court of Appeal of Florida, Third District.
March 21, 1978.
Rehearing Denied April 17, 1978.
Joe N. Unger, Adams, George, Schulte & Ward, Miami, for appellants.
Podhurst, Orseck & Parks, Preddy, Kutner & Hardy, Miami, for appellee.
Before HAVERFIELD, C.J., and HUBBART and KEHOE, JJ.
HUBBART, Judge.
This is an action to confirm an arbitration award made pursuant to the uninsured motorist provisions of an automobile liability insurance policy. The court confirmed the award and the defendant insurance company appeals.
The issue presented for review is whether an insurance company may raise as a defense in an action to confirm an arbitration award entered against it that the total award exceeds the company's applicable insurance policy limits if the company has failed to file a motion to vacate, modify, or correct the award on such grounds within ninety (90) days as required by Sections 682.13, 682.14, Florida Statutes (1975). We hold that the insurance company under such circumstances is precluded from raising such a defense and affirm the confirmation of the arbitration award herein.
The relevant facts in this cause are undisputed. On August 17, 1971, the plaintiff Donald Allen was operating a motor vehicle in which his wife was a passenger when he was involved in an accident with an uninsured motorist in Hollywood, Florida. As a *1288 result of the accident, the plaintiff was injured and his wife died. At the time of the accident, the plaintiff held an automobile liability insurance policy with Travelers Indemnity Co. which contained uninsured motorist coverage.
On March 17, 1972, the plaintiff individually and as the surviving spouse and administrator of his wife's estate made a demand for arbitration with the American Arbitration Association on both his individual and derivative claims pursuant to the uninsured motorist provisions of his insurance policy with Travelers. After some negotiations and dealings between the parties which the plaintiff now claims constitute misconduct and negligence by Travelers, the parties apparently settled the derivative wrongful death claim, but later fell into a dispute about the applicable policy limits which has apparently yet to be resolved.
On August 28, 1973, the matter proceeded to arbitration on the plaintiff's individual claim. The plaintiff demanded $250,000 urging that he legally had claims against Travelers in that amount arising out of various aspects of Traveler's alleged conduct touching upon their policy obligations. The arbitrators took testimony and made a written award in the amount of $125,000 for the plaintiff, with one of the three arbitrators dissenting.
On September 18, 1973, the arbitration award was mailed to and thereafter received by Travelers. Travelers refused to pay the arbitration award contending that they were only liable to pay $10,000 which they at that time contended were the applicable policy limits. They have since changed their position and now contend that the applicable policy limits are $20,000. At no time did Travelers file a motion to vacate, modify or correct the arbitration award pursuant to Sections 682.13, 682.14, Florida Statutes (1975).
On January 18, 1974, the plaintiff filed a complaint against Travelers in the Circuit Court for the Eleventh Judicial Circuit of Florida. Various causes of action sounding in tort and contract were alleged. In count V the plaintiff prayed that the $125,000 arbitration award against Travelers be confirmed pursuant to Section 682.12, Florida Statutes (1975). Travelers filed an answer and attacked the arbitration award as a nullity. The matter ultimately was heard non-jury by the circuit court solely as to count V of the complaint. A final judgment was thereafter entered confirming the arbitration award for the plaintiff in the amount of $125,000. This appeal follows.
The law is well-settled that a court must confirm an arbitration award upon application of any party to the award unless within ninety (90) days after receipt of the arbitration award a party thereto has filed a motion with the court to vacate, modify or correct the award. This ninety (90) day limit is subject to one exception: if a motion to vacate the award is based on corruption, fraud, or other undue means, the motion must be filed within ninety (90) days after such grounds are known or should have been known to the injured party. If an appropriate motion to vacate, modify or correct the award is not filed within the applicable time periods, the court has no alternative but to confirm the arbitration award. Carter v. State Farm Mutual Automobile Insurance Co., 224 So.2d 802 (Fla.1st DCA 1969); §§ 682.12, 682.13, 682.14, Fla. Stat. (1975). See: Component Systems, Inc. v. Murray Enterprises of Minnesota, Inc., 300 Minn. 21, 217 N.W.2d 514 (1974).
In the instant case, Travelers refused to pay the arbitration award herein and failed to file a motion to vacate, modify or correct the award upon the grounds which they now resist the enforcement of such award. No contention is raised that the award was based on corruption, fraud or undue means. Upon an action to confirm the arbitration award instituted some 112 days after the award was mailed to Travelers, the trial court had no alternative but to confirm the award.
Travelers contends that the arbitration award was outside the jurisdiction of the arbitrators to make because it exceeds the applicable policy limits which Travelers now *1289 contends is $20,000. In our view, Travelers has waived that objection by failing to file a timely motion to vacate the award on the basis that the arbitrators exceeded their powers. See: § 682.13(1)(c), Fla. Stat. (1975). Travelers may not raise this defense for the first time in an action to confirm the arbitration award herein.
The judgment appealed from is affirmed.