386 So.2d 251 (1980)
Dominic BRUNO, Appellant,
v.
TRAVELERS Insurance Company, a Foreign Corporation, Appellee.
No. 79-1620.
District Court of Appeal of Florida, Third District.
August 5, 1980.
*252 Kuvin, Klingensmith & Lewis and R. Fred Lewis, Groland & Brown, Miami, for appellant.
High, Stack, Lazenby, Bender, Palahach & Lacasa and R. Scott Boundy, Miami, for appellee.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The appellee, Travelers Insurance Company, provided uninsured-underinsured protection to the appellant, Dominic Bruno. Bruno was involved in an automobile accident with one Darorre who was covered by a $25,000 liability policy with Government Employees Insurance Company (GEICO). He thereafter almost simultaneously sued Darorre and GEICO in the circuit court, and demanded arbitration against Travelers on his underinsured claim that his damages exceeded the $25,000 GEICO limits. As permitted and required by Arrieta v. Volkswagen Ins. Co., 343 So.2d 918 (Fla. 3d DCA 1977),[1] the UM arbitration proceeded before the resolution of the third party action. On July 28, 1978, the arbitrators rendered an award against Travelers finding Darorre negligent and fixing Bruno's damages at $17,500. Travelers took no affirmative action to challenge the award. On January 12, 1979, however, Bruno filed a petition for confirmation of the award in the Dade County Circuit Court. On February 7, 1979, he settled his case with Darorre and GEICO for precisely the same amount as the award, $17,500. In its response to the confirmation action, Travelers pointed out this admitted fact, and contended that the award should not be confirmed. The trial judge entered judgment for Travelers dismissing the petition for confirmation, and Bruno appeals. We affirm.
Section 627.727(1) Florida Statutes (1977) expressly states that UM coverage provides protection only to the extent that it is in excess of, and does not duplicate benefits available to the claimant from the tortfeasor. See Dickey v. Grange Mutual Casualty Co., 370 So.2d 1234 (Fla. 2d DCA 1979). It has been held  we think correctly  that, under this provision, Bruno would have no right to recovery from Travelers simply because the damages awarded by the arbitrators were less than the limits of *253 the GEICO policy, which were thus potentially "available" to him. Government Employees Ins. Co. v. Lang, 387 So.2d 976 (Fla. 2d DCA 1980); Arrieta v. Volkswagen Ins. Co., supra, 343 So.2d at 921 (dictum). It is all the more certain that he is entitled to no underinsured benefits in the present, a fortiori situation in which he has actually received all of his assessed damages from the tortfeasor. See Jones v. Travelers Indemnity Co. of Rhode Island, 368 So.2d 1289 (Fla. 1979); Dewberry v. Auto-Owners Ins. Co., 363 So.2d 1077 (Fla. 1978); State Farm Mutual Auto. Ins. Co. v. Napoli, 380 So.2d 1325 (Fla. 4th DCA 1980); Hall v. Liberty Mutual Ins. Co., 376 So.2d 1183 (Fla. 1st DCA 1979). On the merits, the judgment below was therefore obviously correct.
Even Bruno does not dispute this conclusion. Relying on Travelers Ins. Co. v. Allen, 356 So.2d 1287 (Fla. 3d DCA 1978), cert. denied, 364 So.2d 893 (Fla. 1978) and Carter v. State Farm Mutual Auto. Ins. Co., 224 So.2d 802 (Fla. 1st DCA 1969), however, he argues that the insurer's failure to move to modify or vacate the award within the 90-day period provided by the arbitration code, Sections 682.13-.14 Florida Statutes (1977), requires that the award be confirmed. We disagree. Unlike the situations in Allen and Carter, the issues now raised by Travelers are not ones which inhere in the award itself. Rather, they concern the contention that, by virtue of extrinsic facts and the terms of its policy and the Florida law, the company is not contractually or statutorily obliged to pay the award. These are questions which only the courts, and not the arbitrators, have the authority to resolve. In this situation, the controlling decision is American Fidelity Fire Ins. Co. v. Richardson, 189 So.2d 486 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 814 (Fla. 1967), which squarely holds that such a defense may be asserted, as in this case, in response to a petition to confirm which comes more than 90 days after the award.[2] Indeed, this was just the procedure employed below in securing a resolution of the identical question in GEICO v. Lang, supra.
Furthermore, we note that the settlement actually received by Bruno occurred more than six months after the award  well beyond the 90-day period he now invokes. We decline to adopt a rule under which a claimant could manipulate the procedure approved by Arrieta, and thereby achieve an unjustified windfall, simply by delaying resolution of his third party claim until well-subsequent to the arbitration proceeding. See, GEICO v. Lang, supra.
Affirmed.
NOTES
[1] Accord, United States Fidelity and Guaranty Co. v. State Farm Mutual Automobile Ins. Co., 369 So.2d 410 (Fla. 3d DCA 1979); Liberty Mutual Ins. Co. v. Reyer, 362 So.2d 390 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1369 (Fla. 1979); Government Employees Ins. Co. v. Friedman, 344 So.2d 288 (Fla. 3d DCA 1977).
[2] The present panel of this court has recently followed Richardson, and rejected the applicability of Allen to a very similar situation. Pardo v. Lumbermens Mutual Casualty Co., 366 So.2d 164 (Fla. 3d DCA 1979).