404 So.2d 1141 (1981)
LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,
v.
Terry MEADE, Appellee.
No. 80-854.
District Court of Appeal of Florida, Fifth District.
October 21, 1981.
*1142 Leslie King O'Neal, of Graham, Market, Scott, Marlowe, Appleton & McDonnough, P.A., Orlando, for appellant.
Victor J. Musleh, of Musleh, Bond, Arnett, Foreman & Atkins, Ocala, and Seymour H. Rowland, Jr., Ocala, for appellee.
SHARP, Judge.
Lumbermens Mutual Casualty Company appeals from a summary final judgment which enforced an arbitration award in Meade's favor for "$16,709.50 plus taxable costs." The court refused to consider Lumbermens' two arguments that the insurance award exceeded the policy's ten thousand dollar ($10,000) per person uninsured motorist coverage, and that the award should not have included half of the arbitrators' fees as "costs."[1] The lower court's ruling was premised on the fact that Lumbermens had not sought to vacate, modify or correct the arbitrators' award within ninety (90) days after a copy was delivered to it, pursuant to sections 682.13 and 682.14 of the Arbitration Code.[2] Under the circumstances established by the record in this case, we disagree on both points, and accordingly we reverse.

I. Excessive Award

The lower court relied (with reluctance) on Travelers Insurance Co. v. Allen, 356 So.2d 1287 (Fla. 3d DCA), cert. denied, 364 So.2d 893 (Fla. 1978), which held that a party to an arbitration proceeding who failed to move to vacate or modify an award in a timely fashion pursuant to sections 682.13 and 682.14, cannot raise the issue of an excessive award in a suit by the successful party to confirm the award. The court said:
The law is well-settled that a court must confirm an arbitration award upon application of any party to the award unless within ninety (90) days after receipt of the arbitration award a party thereto has filed a motion with the court to vacate, modify or correct the award... . If an appropriate motion to vacate, modify or correct the award is not filed within the applicable time periods, the court has no alternative but to confirm the arbitration award. (Citations omitted).
356 So.2d at 1288. However, in Allen there was a dispute in the arbitration proceeding concerning the applicable policy limits.
In this case, there was no dispute as to coverage or the extent of coverage, and the issue submitted to arbitration was the amount of the insured's damages. Meade attached to his complaint a copy of the policy and admitted its genuineness. The complaint clearly stated that Lumbermens' policy provided only a ten thousand dollar ($10,000) per person coverage. No other policy was involved in this case.
Under the Lumbermens' policy, arbitration was required if:
[Lumbermens] and a covered person disagree whether that person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or do not agree as to the amount of damages... . (Emphasis supplied).
No other issues could have been the subject of arbitration under this agreement between the parties.[3] An arbitration award should be conclusive as to the issues submitted to arbitration[4] but it should not have any binding effect as to matters which may effect liability of the insurance carrier for reasons extrinsic to the issues arbitrated.[5] *1143 Questions concerning disputed coverage are generally not proper subjects for arbitration in any event.[6]
In Bruno v. Travelers Insurance Co., 386 So.2d 251 (Fla. 3d DCA 1980), the court allowed the defending insurance company to raise in a confirmation proceeding the defense that the uninsured motorist coverage award should be reduced or eliminated because the insured settled with the tortfeasor and had recovered in full for all the damages found by the award. The court distinguished Bruno from Allen because the issues raised in Bruno in defending against confirmation were not ones which inhered in the award itself:
Rather, they concern the contention that, by virtue of extrinsic facts and the terms of its policy and the Florida law, the company is not contractually or statutorily obliged to pay the award. These are questions which only the courts, and not the arbitrators, have the authority to resolve.
386 So.2d at 253. The defensive issues in this case likewise involve the statutory and contractual scope of the issues subject to arbitration, and the terms of the policy which were not the subject matter of the arbitration proceeding.[7]

II. Award of Arbitrators' Fees as "Costs"

The Florida Arbitration Code provides that:
Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.
§ 682.11, Fla. Stat. (1979).
The agreement in this insurance policy regarding arbitrators' fees was that: "Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally."
The trial court felt it was bound by Carter v. State Farm Mutual Automobile Insurance Co., 224 So.2d 802 (Fla. 1st DCA 1969). In Carter the arbitrators expressly awarded the arbitrators' fees as part of the costs, and taxed them against the insurance company. When the insurance company failed to move to vacate or modify the award within the ninety (90) day period, the First District Court of Appeal held the insurer was bound by the award. It pointed out that under the Arbitration Code, arbitrators' fees could be awarded[8] and that this was the kind of error that could only be remedied by a timely motion pursuant to sections 682.13 and 682.14.
This case, however, is distinguishable from Carter because the arbitration award did not expressly itemize and award Meade the arbitrators' fees as costs. This award simply said Meade was entitled to "taxable costs." It is well established that costs can be taxed against the insurance company, following arbitration of an uninsured motorist claim, but the term "costs" does not encompass the term arbitration "expenses" or fees as used in the policy such as the one involved in this case.[9] The arbitrators' fees as items of cost appeared for the first time in this case as part of Meade's documentation in support of his motion for summary judgment at the confirmation hearing. He filed two arbitrators' affidavits declaring they meant to include the fees as part of the costs. Because of the holding in Rutkin v. State Farm Mutual Automobile Insurance Co., 195 So.2d 221 (Fla. 3d DCA), affirmed, 199 So.2d 705 (Fla. 1967), and the failure of the *1144 arbitrators to itemize their fees as part of the "taxable costs," the affidavits should be disregarded because they varied and enlarged the award.[10]
Further, since Lumbermens was not on notice that the arbitrators' fees were included in the "taxable costs" award, it is difficult to see how it could have been expected to file a motion to modify or vacate within the ninety (90) day period. Lumbermens opposed the arbitrators' fees aspect of the award at its first opportunity, at the summary judgment hearing, and it is illogical to institute a rule of law that would require it to have raised this issue any earlier. Bruno.
REVERSED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] Prior to the confirmation proceeding Lumbermens paid the other one-half of the three arbitrators' fees.
[2] Ch. 682, Fla. Stat. (1979).
[3] § 682.02, Fla. Stat. (1979).
[4] Hanover Fire Ins. Co. v. Lewis, 28 Fla. 209, 10 So. 297 (1891); Lopez & Roque Title Co., Inc. v. Clearwater Dev. Corp., 291 So.2d 126 (Fla. 2d DCA 1974); 5 Am.Jur.2d Arbitration and Award §§ 124, 147 (1962).
[5] American Fidelity Fire Ins. Co. v. Richardson, 189 So.2d 486 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 814 (Fla. 1967); 5 Am.Jur.2d Arbitration and Award §§ 124, 147 (1962).
[6] Midwest Mut. Ins. Co. v. Santiesteban, 287 So.2d 665 (Fla. 1973); Netherlands Ins. Co. v. Moore, 190 So.2d 191 (Fla. 1st DCA 1966).
[7] See also Government Employees Ins. Co. v. Lang, 387 So.2d 976 (Fla. 2d DCA 1980).
[8] § 682.11, Fla. Stat. (1979).
[9] Rutkin v. State Farm Mut. Auto. Ins. Co., 195 So.2d 221 (Fla. 3d DCA), aff'd, 199 So.2d 705 (Fla. 1967).
[10] Reichman v. Creative Real Estate Consultants, Inc., 476 F. Supp. 1276 (S.D.N.Y 1979); Grudem Bros. Co. v. Great Western Piping Corp., 297 Minn. 313, 213 N.W.2d 920 (1973); Martin Weiner Co. v. Fred Freund Co., 2 A.D.2d 341, 155 N.Y.S.2d 802 (App. Div. 1956), aff'd, 3 N.Y.2d 806, 166 N.Y.S.2d 7, 144 N.E.2d 647 (1957).