FUTCH, M. DANIEL, Jr., Associate Judge.
McDonald, the plaintiff below, appeals from the trial court’s judgment denying his *581 application to confirm an arbitration award which included arbitration costs. We agree with the trial court’s finding for Allstate, the defendant, that the affirmative defense of accord and satisfaction precludes such confirmation.
The arbitration dealt with an accident between a motorcycle and a truck on September 27, 1976. The motorcycle was driven by the plaintiff’s son, Stephen James McDonald, who died as a result of the accident. The truck was driven by Jeffrey Allen Roach.
McDonald is the father and personal representative of the estate of Stephen James McDonald. Allstate is the insurer of McDonald, his son, and Jeffrey Allen Roach.
The liability limits of the Roach policy were $15,000. The deceased had a policy covering his motorcycle which contained underinsured motorist limits of $15,000. Also, McDonald had a policy covering his son as a resident of his household. At the time of the accident and up until April, 1978, McDonald’s attorney and Allstate’s attorney believed that two vehicles were insured with an underinsured motorist coverage of $25,000 per vehicle, i.e. a total of $50,000.
On August 2, 1977, Allstate paid to McDonald $15,000 under the Roach policy. Thereafter, a dispute arose as to whether this $15,000 would be applied as a set-off against the remaining underinsured coverage. Allstate claimed, therefore, that its total remaining liability was $50,000 and McDonald claimed that it was $65,000.
McDonald’s attorney proposed that Allstate agree- that the McDonalds’ total damages exceeded $80,000 and then once this fact was established, by agreement, the parties could litigate the set-off question. Allstate denied that McDonald’s damages exceeded $80,000. McDonald, as personal representative and survivor of his son, thereafter demanded arbitration on behalf of himself and his wife under the arbitration provisions of the insurance policies and the Florida Arbitration Code, Section 682.01 et seq., Florida Statutes (1979). The parties agreed that the arbitrators were to determine total damages and not the set-off issue.
The arbitrators awarded McDonald $66,-191.52 as his net damages and costs of $879.65. McDonald’s wife was awarded $63,750.00 as her damages. The award stated that the total amount was to be paid by Allstate. This award exceeded the maximum possible underinsured motorist coverage. Allstate’s attorney received a copy of the award on January 18th or 19th, 1978.
A series of discussions and correspondence between the attorneys for Allstate and McDonald followed. McDonald’s attorney demanded payment of an additional $50,000 and sought an agreement to litigate the $15,000 set-off issue. Allstate’s attorney sent a $50,000 draft which stated that it was a release as to any and all claims whatsoever. He also enclosed a document entitled “Receipt and agreement of partial satisfaction and subrogation”. McDonald’s attorney objected to the phrase “any and all claims” on the draft.
On March 3, Allstate’s attorney sent a second document entitled “Receipt and partial satisfaction”. He also enclosed a letter giving permission for deletion of the words, “any and all” from the draft, requesting execution of the document, and stating that it was his understanding that McDonald’s attorney would then be filing an action against Allstate for those funds still allegedly owed to McDonald, namely the $15,-000 set-off and the $879.65 in arbitration costs. The letter also stated that Allstate’s attorney trusted that the letter and document were satisfactory and that McDonald’s attorney should call him if he had any further questions.
On March 6th, McDonald signed the revised document. The document stated that receipt is acknowledged of payment of $50,-000 being paid in partial satisfaction of the arbitration award. McDonald’s attorney sent the executed documents to Allstate’s attorney. The attorneys had no further contact with each other until May 12th, when McDonald’s attorney filed this action to confirm the award pursuant to the Florida Arbitration Code.
*582 The above communications established an accord and satisfaction, i.e., an agreement that Allstate’s payment of $50,000 satisfied McDonald’s claim except for the $15,000 setoff and the $879.65 in arbitration costs.
The arbitration code provides:
682.12 Confirmation of an award.— Upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in ss. 682.13 and 682.14
682.13 Vacating an award.—
(1) Upon application of a party, the court shall vacate an award when:
(a) The award was procured by corruption, fraud or other undue means.
* * * * *
(c) The arbitrators or the umpire in the course of his jurisdiction exceeded their powers.

******

But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.
(2) An application under this section shall be made within ninety days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within ninety days after such grounds are known or should have been known.
He * * He ‘ * He
682.14 Modification or correction of award.—
(1) Upon application made within ninety days after delivery of a copy of the. award to the applicant, the court shall modify or correct the award when:
He He He He He He
(b) The arbitrators or umpire have awarded upon a matter not submitted to them or him and the award may be corrected without affecting the merits of the decision upon the issues submitted.
******
Although the award was defective because the arbitrators exceeded their powers or awarded upon a matter not submitted to them by requiring Allstate to pay an amount greater than the policy limits, McDonald contends that the arbitration code requires confirmation. The code mandates confirmation upon application unless within 90 days after receipt of an award, a motion has been filed to vacate, modify or correct the award for reasons set forth in the statute, or unless corruption, fraud or other due means are involved.
Since Allstate did not file such a motion within 90 days, McDonald requested confirmation according to the rule set forth in Travelers Insurance Company v. Allen, 356 So.2d 1287 (Fla. 3rd DCA 1978), cert. denied, 364 So.2d 893 (Fla.1978). Allen held that an insurer could not raise a contention that the total award exceeded the company’s applicable insurance policy limits as a defense to confirmation of an arbitration award, where the insurer had failed to file a motion to vacate, modify or correct the award within 90 days after the award was received.
The trial court accepted McDonald’s contention and found that the Allen rule applies, but nevertheless denied confirmation by finding an accord and satisfaction.[1]
In an action to confirm an arbitration award, the Allen case does not preclude assertion after 90 days of the nonstatutory defense of accord and satisfaction. This defense should be permitted because it is based on circumstances extrinsic and collateral to the arbitration award. See American Fidelity Fire Insurance Co. v. Richardson, 189 So.2d 486 (Fla. 3rd DCA 1966), cert. denied 200 So.2d 814 (Fla.1967). See also *583 Bruno v. Travelers Insurance Co., 386 So.2d 251 (Fla. 3rd DCA 1980).
We find that the evidence supports a finding of an accord and satisfaction which included separate provisions for disputed subsidiary claims, i.e. $15,000 set-off and the $879.65 in arbitration costs, reserving them for subsequent determination by negotiations or court proceedings.
McDonald contends that such a reservation negates an accord and satisfaction by precluding a meeting of the minds or an agreement between the parties. A meeting of the minds or an agreement is an essential element of an accord and satisfaction. Morton v. Rifai, 339 So.2d 707 (Fla. 1st DCA 1976); State Road Department v. Houdaille Industries, Inc., 237 So.2d 270 (Fla. 1st DCA 1970).
We see no reason to disallow an accord and satisfaction merely because the parties agreed that two specific portions of the claim would be settled subsequently. There is an established policy favoring compromise in settlements of disputes.
Despite the reservation, the record contains substantial competent evidence to support an accord and satisfaction. The letter and document mailed on March 3, and subsequent events indicate a meeting of the minds.
The document entitled “Receipt and partial satisfaction”, stated that receipt was acknowledged of the payment of $50,000 in partial satisfaction of the arbitration award. The term “partial satisfaction” was not defined and, therefore, rendered the document ambiguous. The document was accompanied by a letter stating:
Please have your clients execute the original and one copy of the receipt, acknowledge same, and then return the duly executed original and copy to me. It is my understanding that you will then be filing an action against Allstate for those funds to which your clients claim they are still entitled. It is my understanding that this amounts to another $15,000 in UM benefits, plus the approximately $800.00 costs incurred in the arbitration matter. I trust that this letter and the enclosed documents are satisfactory, but please call me if you have any further questions.
On March 7th, McDonald’s attorney responded by having the documents executed and by mailing them back to Allstate’s attorney. The acceptance of $50,000 and the execution of the document, along with failure to dispute the assertions in the above quoted letter constitute substantial competent evidence that McDonald’s attorney agreed to an accord and satisfaction. Furthermore, the accord and satisfaction made separate provision for the claim for arbitration costs of $879.65 included in the arbitration award by reserving resolution of this claim for subsequent determination by negotiation or by court proceedings. The trial court, therefore, was correct in not ruling on the issue of arbitration costs. Accordingly, the judgment is affirmed.
AFFIRMED.
DOWNEY and GLICKSTEIN, JJ., concur.

. The trial court also held that an equitable estoppel precluded confirmation. Since we are affirming on the basis of an accord and satisfaction, we find it unnecessary to consider this issue.