PER CURIAM.
This is an appeal from a final judgment denying a petition to confirm an arbitration award and dismissing the same with prejudice. We reverse upon a holding that the trial court was required to confirm the arbitration award upon proper application under Section 682.12, Florida Statutes (1981) because an arbitration award, in fact, was made and no grounds for vacating or modifying that award were presented below under Sections 682.13, 682.14, Florida Statutes (1981). See Travelers Insurance Co. v. Allen, 356 So.2d 1287, 1288 (Fla. 3d DCA), cert. denied, 364 So.2d 893 (Fla.1978).
The subject arbitration award was signed by all three arbitrators after a full arbitration hearing. One of the arbitrators, however, had second thoughts after signing the award. He rescinded his assent thereto and claimed the award did not reflect what the arbitration panel had agreed to; the other two arbitrators disagreed and stood by their award. Under these circumstances, the trial court had no alternative but to confirm the arbitration award as, without dispute, two of the three arbitrators were in full agreement with the award. Cassara v. Wofford, 55 So.2d 102,105 (Fla.1951); Bohlmann v. Allstate Insurance Co., 171 So.2d 23 (Fla. 2d DCA 1965); Travelers Indemnity Co. v. Walton, 384 So.2d 939 (Fla. 3d DCA 1980). The fact that the dissenting arbitrator kept the award in his possession, transferred it later to the appellee’s counsel, and declined throughout to deliver the award [technically undated] to the appellant insured, cannot change this result.
The final judgment under review is reversed and the cause is remanded to the trial court with directions to grant the petition to confirm the arbitration award herein.