Ms. Laura Ann McCall Okeechobee County Attorney Post Office Box 968 Okeechobee, Florida 34972
Dear Ms. McCall:
On behalf of the Okeechobee Board of County Commissioners, you ask substantially the following question:
Does the board of county commissioners have the authority to reduce or satisfy a fine imposed by the county code enforcement board?
In sum:
The board of county commissioners has the authority to reduce or satisfy a fine imposed by the county code enforcement board.
Part I of Chapter 162, Florida Statutes, the Local Government Code Enforcement Boards Act (act), seeks "to provide an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist."[1] To accomplish this purpose, the act authorizes a county or municipality, at its option, to create or abolish local code enforcement boards as provided therein.[2] Such code enforcement boards possess the authority to impose administrative fines and other noncriminal penalties.[3]
You note that in Attorney General Opinion 93-91, this office concluded that a city council had no authority to reduce a fine imposed by a municipal code enforcement board. Rather, it was the code enforcement board that possessed authority to reduce such fine and execute a satisfaction or release of lien. Such a conclusion was based on the language of section 162.09, Florida Statutes (1993), relating to administrative fines and liens, which at that time provided in subsection (2) that "[a]n enforcement board may reduce a fine imposed pursuant to this section."
During the 1994 legislative session, however, section 162.09, Florida Statutes, was amended.[4] Section 162.09(2) still provides that a code enforcement board may reduce a fine imposed pursuant to the section. Subsection (3) of the statute, however, now provides that a lien arising from a fine imposed pursuant to this section "runs in favor of the local governing body, and the local governing body may execute a satisfaction or release of lien entered pursuant to this section. After 3 months from the filing of any such lien which remains unpaid, the enforcement board may authorize the local governing body attorney to foreclose on the lien."
A release is generally the giving up or abandonment of a claim or right.[5] Black's Law Dictionary defines "satisfaction" in practice as an entry made on the record, by which a party in whose favor a judgment was rendered declares that he has been satisfied and paid but "[t]he doctrine of satisfaction in equity is somewhat analogous to performance in equity, but differs from it in this respect: that satisfaction is always something given either in whole or in part as a substitute or equivalent for something else, and not (as in performance) something that may be construed as the identical thing covenanted to be done."[6]
In light of the above, I am of the opinion that the county commission, as the local governing body, may reduce or satisfy a fine that has been imposed by the code enforcement board and runs in favor of the commission.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Sections 162.01 and 162.02, Fla. Stat.
[2] Section 162.03, Fla. Stat.
[3] Section 162.09, Fla. Stat.
[4] See, s. 4, Ch. 94-291, Laws of Florida. And see, Senate Staff Analysis and Economic Impact Statement on CS/SB 304, dated March 10, 1994, stating that an amendment to the bill by the Judiciary Committee provides that "a lien arising from a fine imposed by a code enforcement board runs in favor of the local governing body and that the local governing body may execute a satisfaction or release of the lien.
[5] See, 10 Fla.Jur.2d Compromise, Accord, and Release s. 30; Black's Law Dictionary Release p. 1453 (4th rev. ed. 1968) (the relinquishment, concession, or giving up of a right, claim, or privilege by person in whom it exists or to whom it accrues, to the person against whom it might have been demanded or enforced).And see, Atlantic Coast Line R. Co. v. Boone, 85 So.2d 834 (Fla. 1956) ("release" is an outright cancellation or discharge of an obligation as to one or all of the alleged joint wrongdoers).
[6] Black's Law Dictionary Satisfaction p. 1509 (4th rev. ed. 1968); and see, 78 C.J.S. Satisfaction p. 581, stating:
"The term "satisfaction" is employed in the law in a more specific sense to indicate the execution or performance of an accord; that is, the execution or performance of an agreement whereby one party undertakes to give or perform, and the other party to accept, in satisfaction of a claim . . . something other than or different from what he is or considers himself, entitled to[.]"
Cf., Morton v. Rifai, 339 So.2d 707 (Fla. 1st DCA 1976) (accord and satisfaction is the substitution of a new agreement between the parties in satisfaction of a former one).